IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FOSTER LEE BROWN III,<br><br>Petitioner,<br><br>v.<br><br>CMG MORTGAGE, INC.<br>(d/b/a CMG FINANCIAL),<br><br>Respondent. | CIV. NO. 25-00335 JMS-RT<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, ECF NO. 19 |

### ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, ECF NO. 19

### I. INTRODUCTION

This case involves a mortgage secured by real property located at 1637 Kuahale Street, Kauai, Hawaii ("Property"). Because pro se Petitioner Foster Lee Brown III ("Brown") is proceeding in forma pauperis, *see* ECF No. 7, the court screened his original Complaint, ECF No. 1, First Amended Complaint, ECF No. 9, and Second Amended Complaint, ECF No. 12 ("SAC"), as required by 28 U.S.C. § 1915(e)(2). *See* ECF Nos. 7, 11, 15 (screening orders). The sole surviving claim is a Truth in Lending Act ("TILA") claim against Respondent CMG Mortgage, Inc. ("CMG Mortgage"). On November 24, 2025, CMG Mortgage filed a Motion to Dismiss the TILA claim. ECF No. 19 ("Motion"). For the reasons that follow, the Motion is GRANTED.

## II. **BACKGROUND**

As summarized in the court's most recent screening order, ECF No. 15, the SAC contains the following allegations:

- On February 7, 2024, Brown executed a promissory note in favor of CMG Mortgage for the purpose of securing real property.

- Brown was not advised that his note would be sold, pledged, or securitized into any trust or instrument backed by federal guarantees.

- The note was transferred into Ginnie Mae REMIC Trust 2024-043 without notice and without Brown's knowledge or consent.

- Brown never signed, reviewed, or consented to any Pooling and Servicing Agreement or related documentation placing the note into any REMIC trust.

- On June 4, 2024, Brown received a copy of the note from Freedom Mortgage.[1] The document lacked proper endorsement, assignment, or proof of lawful transfer.

- Between April and July 2025, Freedom Mortgage issued repeated foreclosure threats, made harassing calls, and failed to respond to Brown's Qualified Written Requests.

- No defendant ever produced the original wet-ink note, or any proof of a perfected security interest.

- Brown's security instrument was monetized, traded, and profited upon without his consent and without judicial oversight.

Based on these allegations, the SAC asserted a variety of state and federal claims against three named defendants. The court screened the SAC as required by 28 U.S.C. § 1915(e)(2), and on November 20, 2025, the court

---

[1] Freedom Mortgage is the loan's servicer. *See* ECF No. 15 at PageID.296 n.2.

dismissed—with prejudice—all of Brown's claims except his TILA claim against CMG Mortgage. *See* ECF No. 15 at PageID.311–312.

On November 24, 2025, CMG Mortgage filed a Motion to Dismiss, ECF No. 19, requesting dismissal of the TILA claim based on res judicata, the statute of limitations, and failure to state a claim. On November 28, 2025, Brown filed an Opposition, ECF No. 25, and on January 2, 2026, CMG Mortgage filed a Reply, ECF No. 32.[2] The court decides the Motion without oral argument pursuant to Local Rule 7.1(c).

### III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal based on a "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) motion may also be granted based on an affirmative defense, such as res judicata, if the defense "raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam); *see also Demoruelle v. Rao*, 2021 WL 310339, at *3 (D. Haw. Jan. 29, 2021) (citing *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992)) ("[R]es judicata may be sustained on a Rule 12(b)(6) motion when relevant facts are shown by court records.").

---

[2] After CMG Mortgage filed its Reply, Brown requested and was granted leave to file a sur-reply by January 9, 2026. *See* ECF Nos. 34, 35. Brown did not file a sur-reply before the deadline, but on January 15, 2026, he filed a "Motion for Leave to File Sur-Reply Out of Time," ECF No. 36, with a proposed Sur-Reply attached, ECF No. 36-1. Given Brown's pro se status, his Motion is GRANTED. In deciding the Motion to Dismiss, the court considers the arguments made in Brown's Sur-Reply, ECF No. 36-1.

## IV. **REQUEST FOR JUDICIAL NOTICE**

When ruling on a motion to dismiss, the court generally considers only the complaint, attached exhibits, and documents incorporated by reference. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). The court may, however, take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b); *see also Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987) ("[F]acts subject to judicial notice may be considered on a motion to dismiss.").

CMG Mortgage requests that the court take judicial notice of five documents:

1. A complaint filed against CMG Mortgage in Hawaii state court by Brown and "Mansa Musa Goldrich Trust." ECF No. 20 at PageID.336–337 ("State Court Complaint").

2. A petition filed by Brown in the same Hawaii state court case, titled "Petition to Cancel Note and Deed of Trust, Claim in Recoupment, Quiet Title, and for Declaratory and Injunctive Relief," along with attached exhibits. *Id.* at PageID.339–405 ("State Court Petition").

3. An order issued by the Hawaii state court dismissing Brown's claims against CMG Mortgage, with prejudice. *Id.* at PageID.432–434 ("State Court Order").

4. A signed mortgage agreement concerning the property at issue in this case, naming CMG Mortgage as the lender and Brown and his wife—Yeni Enisa Quesada—as borrowers. *Id.* at PageID.408–430 ("Mortgage Agreement").

5. A signed promissory note concerning the property at issue in this case, naming CMG Mortgage as the lender and Brown and his wife as borrowers. *Id.* at PageID.436–442 ("Promissory Note").

The court may take judicial notice of the State Court Complaint, State Court Petition, and State Court Order as public records, and to determine whether res judicata applies. *Manufactured Home Cmtys. v. City of San Jose*, 420 F.3d 1022, 1037 (9th Cir. 2005) (recognizing that a federal court may take judicial notice "of a state court decision and the briefs filed in that court to determine if an issue was raised and decided by the state court for res judicata purposes"). The Mortgage Agreement, too, is a public record and a proper subject of judicial notice. *Doran v. Wells Fargo Bank*, 2011 WL 2160643, at *7 (D. Haw. May 31, 2011) (stating that "mortgage agreements are public records and therefore may be the subject of judicial notice"). Finally, the court may take judicial notice of the Promissory Note as a "relevant document[] as to which no party disputes the authenticity." *Hendricks v. StarKist Co.*, 30 F. Supp. 3d 917, 922 n.2 (N.D. Cal. 2014) (citing *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)).

Accordingly, CMG Mortgage's request for judicial notice is GRANTED as to all five documents. The court takes notice of the documents "but not the truth of any matters asserted therein." *Hendricks*, 30 F. Supp. 3d at 922 n.2. These documents provide the following information about the state court case:

- CMG Mortgage was named as the defendant. State Court Complaint, ECF No. 20 at PageID.336.

- Brown was named as a plaintiff. State Court Complaint, *id.* (naming Brown in caption); *see also* State Court Petition, *id.* at PageID.342 ("The Plaintiff in this action is named Foster-Lee: Brown . . . .").

- The case involved the same mortgage agreement between Brown and CMG Mortgage that is at issue in the present case. *Compare* Mortgage Agreement, ECF No. 20 at PageID.408–430, *with* State Court Petition, *id.* at PageID.343 (describing origination of mortgage), *and* SAC, ECF No. 12 at PageID.178 (same).

- The mortgage agreement concerned the property at 1637 Kuahale Street, Kapaa, Hawaii, 96746. *See* Mortgage Agreement, ECF No. 20 at PageID.411.

- One of the claims was based on CMG Mortgage's alleged failure to disclose "material elements" of the mortgage agreement. State Court Petition, *id.* at PageID.349.

- The State Court Petition sought relief for CMG Mortgage's alleged failure to disclose and other alleged misconduct, and was filed by "Foster-Lee: Brown . . . as agent for FOSTER LEE BROWN III . . . (hereinafter Plaintiff)." State Court Petition, *id.* at PageID.340.

- All claims were dismissed with prejudice for failure to state a claim. State Court Order, *id.* at PageID.432–34.

## V. **DISCUSSION**

Because CMG Mortgage asserts res judicata based on the State Court Order, *see* ECF No. 19 at PageID.326–328, Hawaii's res judicata rules apply. *See Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988) (recognizing that the Full Faith and Credit Act "requires federal courts to apply the *res judicata* rules of a particular state to judgments issued by courts of that state"); 28 U.S.C. § 1738.

Under Hawaii law, the party asserting res judicata bears the burden of establishing that "(1) there was a final judgment on the merits, (2) both parties are

6

the same or in privity with the parties in the original suit, and (3) the claim decided in the original suit is identical with the one presented [or could have been presented] in the action in question." *GGA, Inc. v. Kiewit Infrastructure W. Co.*, 611 F. Supp. 3d 1000, 1026 (D. Haw. 2020). A judgment is final when the time to appeal has expired. *See E. Sav. Bank, FSB v. Esteban*, 129 Haw. 154, 160, 296 P.3d 1062, 1068 (2013). Hawaii courts apply res judicata "in a robust way" to spare parties "unnecessary vexation, expense, and inconsistent results," to conserve judicial resources, and to promote finality. *Albano v. Norwest Fin. Haw., Inc.*, 244 F.3d 1061, 1063 (9th Cir. 2001).

### A. The State Court Case Resulted in a Final Judgment on the Merits.

"Any dismissal, except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19, operates as a final judgment on the merits." *Semas v. Chemetall US, Inc.*, 2024 WL 4279155, at *5 (D. Nev. Sept. 24, 2024) (citing Fed. R. Civ. P. 41(b)). Under Hawaii law, a Hawaii court judgment "is final where the time to appeal has expired without an appeal being taken." *Littleton v. State*, 6 Haw. App. 70, 75, 708 P.2d 829, 833 (Ct. App. 1985), *aff'd*, 68 Haw. 220, 708 P.2d 824 (1985) (quoting *James W. Glover, Ltd. v. Fong*, 42 Haw. 560, 574 (1958)).

The State Court Order dismissed Brown's claims, with prejudice, for failure to state a claim upon which relief could be granted. *See* ECF No. 20 at

PageID.433–434.  Brown has not appealed the State Court Order, and the time to do so has expired.  *See* eCourt Kokua* https://www.courts.state.hi.us/legal references/records/jims_system_availability [https://perma.cc/B9HX-RNST] (entering "Brown" and "Foster Lee" in "Party Search"); Haw. R. App. P. 4(a)(1).  The State Court Order therefore constitutes a final judgment on the merits.  *See E. Sav. Bank*, 129 Haw. at 160, 296 P.3d at 1068 (stating that under Hawaii law, a judgment is final when the time to appeal the judgment has expired).

**B.     The State Court Case Involved the Same Parties.**

Like the state court case, the present case was brought by Brown against CMG Mortgage.  *See* ECF No. 20 at PageID.336 (listing parties in caption of State Court Complaint).  Brown does not dispute that fact, and instead argues that res judicata cannot apply because the state court case involved an additional party:  the "Mansa Musa Goldrich Trust" ("Trust").  *See id.*  But even assuming that the Trust's presence is relevant to whether res judicata applies, Brown is in privity with the Trust.  In the state court case, Brown described himself as the Trust's "attorney" and "trustee," which is sufficient to establish privity.  *Aloha Unlimited, Inc. v. Coughlin*, 79 Haw. 527, 537, 904 P.2d 541, 551 (Ct. App. 1995) ("Under the doctrine of *res judicata*, the concept of privity is merely a word used to say that the relationship between the one who is a party of record and another is

close enough to include that other within the res adjudicata." (brackets, ellipsis, and quotation marks omitted)).

### C.     The Claim Could Have Been Brought in the State Court Case.

Res judicata "precludes not only the relitigation of claims or defenses that were litigated in a previous lawsuit, but also of all claims and defenses that might have been properly litigated, but were not litigated or decided." *E. Sav. Bank*, 129 Haw. at 159, 296 P.3d at 1067; *see also Bremer v. Weeks*, 104 Haw. 43, 53–54, 85 P.3d 150, 160–61 (2004).  And "[t]o determine whether a litigant is asserting the same claim in a second action, the court must look to whether the 'claim' asserted in the second action arises out of the same transaction, or series of connected transactions, as the 'claim' asserted in the first action." *Kauhane v. Acutron Co.*, 71 Haw. 458, 464, 795 P.2d 276, 279 (1990).  The federal test is similar.  *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (stating that the central criterion to determine an identity of claims is whether the two suits arise "out of the same transactional nucleus of facts").

Brown's TILA claim arises from the same transaction or series of transactions at issue in state court and could have been raised there.  The TILA claim, like the state court case, concerns the same mortgage agreement between Brown and CMG Mortgage for the property located at 1637 Kuahale Steet, Kapaa, Hawaii.  *See* SAC, ECF No. 12 at PageID.178 (describing the agreement and the

9

subject property); State Court Petition, ECF No. 20 at PageID.343 (same).  And here, as in state court, Brown alleges that CMG Mortgage failed to disclose material terms of the mortgage.  *See* State Court Petition, ECF No. 20 at PageID.343 (claiming fraudulent inducement based on CMG Mortgage's failure "to specify . . . the essential terms of the contract"); SAC, ECF No. 12 at PageID.179 (claiming TILA violation based on CMG Mortgage's failure "to disclose material terms of the finance agreement").  The TILA claim therefore could have been brought in the state court case.  *See E. Sav. Bank*, 129 Haw. at 160, 296 P.3d at 1068 (holding that TILA claim was barred by res judicata because it could have been brought as a counterclaim in earlier foreclosure proceeding).[3]

\* \* \*

In sum, Brown's TILA claim is barred by res judicata.  *See Albano*, 244 F.3d at 1063–64 (holding that res judicata barred TILA claim that could have been raised in earlier foreclosure action in state court).  And in light of that result,

---

[3] CMG Mortgage states in its Motion to Dismiss that the TILA claim "is different from the claims [Brown] had alleged" in the state court case.  *See* ECF No. 19 at PageID.327.  It appears, however, that Brown *did* raise a TILA claim in the state court case.  *See* State Court Petition, ECF No. 20 at PageID.345 (requesting relief for "violations of various federal laws" including "TILA (Truth And [sic] Lending Act)"), PageID.356 (asserting cause of action under TILA based on "improper disclosure of 'Security Interests,' in violation of (TILA) law").  The TILA claim, like all other claims, was dismissed with prejudice.  *See* State Court Order, *id*. at PageID.432–434.

10

the court concludes that "amendment would be futile." *See Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014).[4]

## VI. CONCLUSION

For the foregoing reasons, Brown's TILA claim is DISMISSED without leave to amend.[5] The clerk of court is directed to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 16, 2026.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

---

[4] Because Brown is not granted leave to amend, the court need not reach CMG Mortgage's arguments regarding the statute of limitations and the failure to state a claim.

[5] Brown's Opposition is combined with a "Motion to Compel Proof of Attorney Authority" and a motion to stay the court's decision on the Motion to Dismiss "until the question of attorney authority is resolved." *See* ECF No. 25 at PageID.458. In support of these motions, Brown submits a "Request for Proof of Authority" ("Request") sent to counsel for CMG Mortgage. ECF No. 25-2 at PageID.463-464. "An attorney's authority to act on behalf of a client is presumed," *In re Wilkinson*, 2025 WL 2674532, at *3 (Bankr. E.D. Cal. Sept. 16, 2025), and neither the Request itself nor Brown's other filings allege any facts to rebut that presumption. In short, Brown's "naked demand for proof of authority" is not a basis to grant his motions, *id.*, and they are therefore DENIED.

11